Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit, upon a promissory note, brought by the indorsee against the maker. The indorsement is in these words: “ Mr. Sims, will you be so good as to pay *237 the within note to Mr. W. W. Wilkins; and if you cannot pay it, settle it with him as he may wish yon to do for me.” The indorser died a few days after the indorsement.
It is insisted, in argument, that this was a restrictive indorsement, and merely constituted the indorsee an agent to collect for the indorser; that this agency ceased upon the indorser’s death, and that the indorsee cannot maintain an action in his own name. The cases of Sigourney v. Lloyd, 8 Barn. & Cress. 622; 15 Eng. Com. L. R. 322; Truttle v. Barandon, 8 Taunt. 100; 4 Eng. Com. R. 33,—are relied on as authorities in support of the position.
The principle there settled is, that if a third person take an indorsement from an indorsee, whose rights are restricted by the indorsement, such third person takes the paper subject to the state of accounts between the prior parties. Such in-dorsement does not prevent the indorsee from receiving the money, but it has the effect of preventing him from disposing of the bill before it is due, and from pledging it, to relieve himself from his own debts, at the expense of his correspondent. If he collect the money, he becomes responsible to his principal, and the maker is discharged. The legal interest passes by the restrictive indorsement, but it carries notice of a trust upon its face, and a subsequent indorsee takes it, subject to the trust. The legal interest, howev.er, enables the indorsee to recover in his own name.
We doubt, moreover, whether this is a restricted indorsement. It is an order to pay for the indorser, and would imply, jprima facie at least, an indebtedness upon his part to that amount. Bradley v. M'Clellan, 3 Yer. 301. Taken in connexion with the statute in regard to orders, it clearly vested the right of action in Wilkins. H. & H. 372, sec. 6.
If Wilkins be a mere trustee for the indorser, then he is re-‘ sponsible to his representatives.
We see no error in the judgment, and the same is hereby affirmed.